TERRELL, Justice.
Appellant, Emmett Clarke Blake, was indicted by the grand jury in Bay County for murder in the first degree, to which he entered a plea of not guilty. The court appointed counsel to represent him and the cause came on for trial September 4, 1962. The jury returned a verdict of murder in the first degree without recommendation to-mercy. The court imposed the extreme penalty and this appeal was prosecuted.
Appellant relies on three points to reverse the conviction. He treats points one and two together. Point one is as follows: “Is the evidence in this cause sufficient to-establish the unlawful killing of a human-being when committed in the perpetration of, or in an attempt to perpetrate any * *■ robbery * * * ? ”
Point two is stated as follows: “Did the court err in overruling the defendant’s motion for a directed verdict and motion to-suppress the confession of the defendant, based upon the state’s failure to prove a prima facie case against the defendant?”
Appellant contends that his motion for directed verdict at the close of the-state’s case should have been granted because the state at no time attempted to prove premeditation, but relied on that portion of § 782.04, Florida Statutes, F.S.A.,. which defines murder in the first degree as- *512 the unlawful killing of a human being when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery etc. There was considerable discussion of the evidence, circumstantial and direct, about the robbery and how much money was taken from the cash register, but we think all this discussion about the robbery was beside the question because appellant was indicted and tried for murder in the first degree without reference to any robbery. The circumstances were ample from which the jury could have found premeditation.
In the second question appellant complains that his motion for directed verdict was overruled. He contends that the evidence was primarily circumstantial and that it did not meet the requirement of the rule for circumstantial evidence. Both parties admit that the rule is correctly stated in Porter v. State, Fla.1955, 81 So.2d 519, and Frank v. State, 1935, 121 Fla. 53, 163 So. 223. We have read these cases and measured by them, the evidence met every requirement of the circumstantial evidence rule.
Appellant also contends that the court committed error in overruling his motion for directed verdict and his motion to suppress the confession of the defendant because no prima facie case against defendant was shown.
The confession of defendant was introduced in evidence. It details the circumstances and events leading up to the homicide. The court held the confession to have been voluntarily given which holding is not challenged by appellant. Appellant does challenge the sufficiency of proof of the corpus delicti but we think there is no merit to this contention. The confession was properly introduced and the corpus de-licti was properly established. The elements of corpus delicti were seasonably presented to the court and jury. These elements have frequently been adjudicated to be (1) the fact of death and (2) the existence of the criminal agency of another as the cause of the death, connected with (3) the identity of the deceased. Dawson v. State, Fla.1962, 139 So.2d 408, and Jefferson v. State, Fla.1961, 128 So.2d 132, are some of the latest expression of this court as to them.
The third and last question presented challenges the correctness of the court’s order admitting in evidence the state’s exhibits 5, 6 and 7. Exhibits 5, 6 and 7 were photographs of the interior of the grocery store where the murder was committed and of the victim whom appellant is charged with having murdered. This court has on numerous occasions discussed the propriety, the impropriety and the general rule governing the introduction of such exhibits. Leach v. State, Fla.1961, 132 So.2d 329; Brooks v. State, Fla.1960, 117 So.2d 482; Mardorff v. State, 1940, 143 Fla. 64, 196 So. 625, and others.
The general rule governing the introduction of such photographs is stated in Lindberg v. State, 1938, 134 Fla. 786, 184 So. 662, where we said that in a homicide case photographs should serve to illustrate, explain or clarify any issue or conflict in the evidence and if they do not do this, they should be disallowed; they should be useful to enable a witness or juror to better understand the evidence but if they serve or assist the evidence, then it is not objectionable that they also tend to prejudice the jury.
In Brooks v. State, Fla.1960, 117 So.2d 482, we said:
“Photographs of the type involved here should be received in evidence with great caution and should not be permitted unless they prove or tend to prove some material issue in the trial of the cause. While the photographs in this case present a gruesome scene of the deceased lying on the floor in a pool of blood adjacent to the bathroom, there is no contention that such photograph does not exhibit the actual scene as it existed when the body was discovered.”
*513 The foregoing cases make a good guide for anyone to introduce photographs in a homicide case. Appellant’s objection to the photographs introduced in this case seems to be that they show deceased in a pool of blood lying on the floor after he was murdered. They are not good to look at but they are accurate and are no more gruesome than is general for such photographs. Defendant deliberately laid the scene for them; they are accurate representations and he has no basis for complaint.
In conformity with § 924.32, Florida Statutes, F.S.A., we have read the evidence to determine if the interests of justice require a new trial, and we have found no error, so the judgment appealed from is affirmed.
Affirmed.
THOMAS, THORNAL, O’CONNELL, CALDWELL and HOBSON, JJ., concur.
DREW, C. J., concurs specially with opinion.