261 So.2d 563 (1972)
Freddie L. MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 71-204.
District Court of Appeal of Florida, Second District.
April 7, 1972.
Rehearing Denied May 25, 1972.
Jeffrey I. Pattinson, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Warren H. Petersen, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Judge.
Appellant Morris was convicted of, and sentenced to a term of 20 years in the state prison for, "... the abominable and detestable crime against nature ... with mankind ...," i.e., with a named male person, and he appeals. He assigns four errors on appeal the first of which is dispositive and requires reversal. This point urges that the statute upon which the offense charged is bottomed is *564 unconstitutionally vague for the reason that it does not clearly set forth the conduct condemned.
Since this appeal has been brought our supreme court has decided, on December 17, 1971, the cases of Franklin v. State and Joyce v. State, 257 So.2d 21 (Case Nos. 40,758 and 40,757 respectively). In those cases the court expressly overruled all prior decisions of that court in which the attack made here was rejected and declared that the statute in question, F.S. § 800.01, F.S.A., is unconstitutionally vague and uncertain for the reason that the conduct condemned therein is not "... set forth in language which is relevant to today's society and is [not] understandable to the average citizen of common intelligence ... ."
The court further held that its decision is not retroactive but is prospective only. This raises the question of whether that case is controlling here since it was handed down after the trial herein but before this appeal has been decided. Since the matter held unconstitutional is not a procedural one, as was, for example, those matters involved in Escobedo v. Illinois[1] and Miranda v. Arizona,[2] but is rather a substantive matter upon which the entire case is predicated, we hold that the supreme court's decision in Franklin and Joyce, supra, is controlling here. That is to say, if a procedure is declared unconstitutional, and the decision so declaring is to be given prospective effect only, that decision only affects trials conducted thereafter.[3] When, however, an entire proceeding is substantively bottomed on a statute which is declared unconstitutional the cause is determined at the appellate level as the law exists at the time of the appeal and not at the time of the institution of the proceedings in the trial court.[4] And this is so notwithstanding that the statute involved had theretofore been held valid and/or its validity was not questioned in the trial court.[5] Accordingly, we are bound by the chains of stare decisis and must hold that the judgment and sentence imposed under F.S. § 800.01, F.S.A., should be set aside.
At this point, however, we interpose that the supreme court in Franklin and Joyce, supra, considered that F.S. § 800.02, F.S.A., which condemns as a misdemeanor any "unnatural and lascivious act with another person," is constitutional. It follows that that court must deem this statute, unlike § 800.01, supra, to be quite clear and certain, and it must further follow that it thinks it to be set forth in language which is relevant to today's society.
Furthermore, the court there held that an "unnatural and lascivious act with another person" was, under the evidence in those cases, a lesser included offense within the "abominable and detestable crime against nature" offense charged.[6] Whereupon, the court reversed the judgments of guilty of the higher offenses and remanded the causes with instructions to enter judgments of guilty of the lesser offense and to impose sentence accordingly.
We pursue the same course. A careful reading of the record discloses that *565 not only did the evidence support a finding of guilty of the common law offense of copulation per anus, formerly thought condemned by the now voided F.S. § 800.01, F.S.A., but it is more than sufficient to support a finding of guilty to the unnatural and lascivious act now clearly and certainly condemned by F.S. § 800.02, F.S.A. Additionally, the defendant requested, and received a jury instruction of such lesser offense at trial.
In view of the foregoing, therefore, we obediently reverse the judgment entered under F.S. § 800.01, F.S.A., and remand the cause with directions to enter a judgment of guilty under F.S. § 800.02, F.S.A. 1969, and to impose an appropriate sentence.
HOBSON, A.C.J., and MANN, J., concur.
NOTES
[1] (1964), 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 which involved procedure in procuring a confession.
[2] (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, which also involved procedure in procuring a confession.
[3] Cf., Stovall v. Denno (1967), 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; and Johnson v. New Jersey (1966), 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.
[4] See, e.g., Florida East Coast Railway Co. v. Rouse (Fla. 1967), 194 So.2d 260; Board of Public Instruction of Dade County v. McQuiston (Fla.App. 1970), 233 So.2d 168; and Personnel Board of City of Miami Beach v. Majewski (Fla.App. 1969), 227 So.2d 498.
[5] See, Florida East Coast Railway Co. v. Rouse, id.
[6] We assume that such a determination is now possible notwithstanding that such higher offense is "vague and uncertain."