WIGGINTON, Judge.
Appellant seeks review of a judgment of conviction and sentence based upon a jury verdict finding him guilty of committing a crime against nature in violation of F.S. Section 800.01, F.S.A.[1] It is appellant’s position that since the date of his conviction and sentence, but during the pendency of his appeal herein, the statute under which he was charged and convicted has been held unconstitutionally vague and overbroad by the Supreme Court of Florida and, therefore, his conviction should not be allowed to stand.
During the course of his trial after the State rested its case in chief appellant moved the court for the entry of a judgment of acquittal on the ground that F.S. Section 800.01, F.S.A., under which he was charged and was then being prosecuted was unconstitutionally vague and indefinite. This motion was denied and the case proceeded to final conclusion which resulted in a jury verdict of guilty as charged. One of the grounds urged by appellant in his motion for new trial was that the court had erred in denying his motion for judgment on the grounds that the statute under which he was charged was unconstitutional and void. The motion for new trial was likewise denied, appellant was adjudged guilty, and he was sentenced to be imprisoned in the state prison for a term of years. A timely notice of appeal was filed in which the correctness of the trial court’s rulings made during the course of the proceeding is challenged.
During the pendency of this appeal the Supreme Court of Florida rendered its decision in Franklin v. State[2] on December 17, 1971. The Franklin case involved the constitutionality of F.S. Section 800.01, F.S.A., the same statute under which appellant in the case sub judice was charged and for the violation of which he stands convicted and sentenced. In holding the statute to be unconstitutionally vague and overbroad, the court concluded that it did not meet the constitutional test of adequately informing the average person of common intelligence as to what is prohibited so that he need not speculate as to the statutory meaning. The court opined that the language in the statute could entrap unsuspecting citizens and subject them to sentences equal to that for manslaughter which would no doubt be a shocking revelation to persons who did not have an understanding of the meaning of the statute. The court recognized that for more than 100 years the courts of this state have repeatedly upheld the validity of the statute against constitutional attacks and have enforced it by affirming countless convictions for its violation. Despite this, however, the court was of the view that reconsideration of its former holdings should be indulged because of the transition which has taken place in our language during the long period of time the statute had been in effect. The court noted that the change and upheaval of modern times are of drastic proportions and people’s understanding of subjects, expressions, and experiences is different today than it was even a decade ago. The court therefore reasoned that these changes in the land should be taken into account and appraised in relationship to their effect upon the reasonable reaction and understanding of modern man to statutory language. Based upon those ex cathedra revelations *266 so eloquently articulated by the court, it held the statute in question to be unconstitutional and disposed of the appeal by saying:
“Accordingly we must, without any criticism of the able trial jurist who was following the decisions then existing, reverse the two judgments adjudging the defendants of being guilty of a felony and remand the causes to the trial court with directions to enter a judgment of guilty of Section 800.02 which is a misdemeanor, and to impose sentence accordingly. In view of our former decisions, this judgment holding the felony statute void is not retroactive, but prospective only.”
The question presented for our decision is what was meant by the Supreme Court when, in the above-quoted concluding paragraph of its opinion, it stated that its judgment holding the statute to be void is not retroactive but prospective only. Appellee-State contends that since appellant stands convicted under a judgment and sentence rendered prior to the Supreme Court’s opinion striking down the statute on constitutional grounds, the judgment must therefore stand under the nonretroactive provision of the court’s judgment. On the contrary, appellant contends that the judgment here appealed has not become final and the rule of law as announced by the Supreme Court in Franklin is therefore applicable to this case under accepted principles recognized by the courts of Florida.
In the case of Florida East Coast Railway Company v. Rouse,[3] the Supreme Court held that its former decision declaring unconstitutional the comparative negligence statute as applied to railroad companies[4] should be applied in a case pending in the Third District Court of Appeal involving the same question of law even though the judgment in that case had been rendered by the trial court prior to the Supreme Court’s decision holding the statute to be unconstitutional and void. In that case the court recognized the applicable rule of law to be as follows:
“ ‘We recognize the general and Florida rule to be that an appellate court, in reviewing a judgment on direct appeal, will dispose of the case according to the law prevailing at the time of the appellate disposition, and not according to the law prevailing at the time of rendition of the judgment appealed.’ ”
The rule pronounced by the Supreme Court in Florida East Coast Railway Company was subsequently followed by the Second District Court of Appeal in Tsavaras v. Lelekis.[5]
In Linkletter v. Walker[6] the Supreme Court of the United States considered the question of whether the exclusionary rule of evidence announced by it in its former decision rendered in Mapp v. Ohio [7] should be applied retrospectively or prospectively only in other cases falling within its purview. In that case the court held that the exclusionary principle would not apply retrospectively to state court convictions which had become final but would apply prospectively both to cases which were on appeal when the decision in Mapp was rendered as well as to all future cases which may arise in the state courts of our country.
It is our interpretation of the judgment rendered by the Supreme Court of Florida in Franklin v. State, supra, that the nonretroactive effect of that judgment holding unconstitutional the statute involved herein applies only to judgments of conviction and sentence which have become final and are no longer open to appellate review. The prospective application of the court’s *267 ruling includes not only cases which might arise in the future involving charges for violation of the statute but would apply with equal force to such cases where the judgment and conviction had not become final because of the pendency of an appeal in a court of competent jurisdiction.
Based upon the foregoing authorities, the judgment appealed herein is reversed and the cause remanded for the imposition of an appropriate sentence pursuant to the provisions of F.S. Section 800.02, F.S.A., proscribing unnatural and lascivious acts, as approved by the Supreme Court in Franklin, supra.
Reversed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. F.S. § 800.01, F.S.A.

“Crime against nature; punishment

Whoever commits the abominable and detestable crime against nature, either with mankind or with beast, shall be punished by imprisonment in the state prison not exceeding twenty years.”

. Franklin v. State (Fla.1971), 257 So.2d 21.

. Florida East Coast Railway Company v. Rouse (Fla.1967), 194 So.2d 260, 262.

. F.S. § 768.06, F.S.A.

. Tsavaras v. Lelekis (Fla.App.1971), 246 So.2d 789.

. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601.

. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933.