272 So.2d 852 (1973)
James Edward CHRISTIAN, Appellant,
v.
STATE of Florida, Appellee.
No. 71-683.
District Court of Appeal of Florida, Fourth District.
February 8, 1973.
*853 James C. Dauksch, Jr., Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Defendant was tried by jury upon indictment for first degree murder. He was sentenced to life imprisonment upon being found guilty with recommendation of mercy. He appeals.
We have measured appellant's trial and conviction with grave and profound care against the now established rule of law. We find it fundamentally defective with the error being of such magnitude as to command a new trial.
The state's proofs indicate that defendant killed his female victim when and because she resisted or refused his efforts to have her perform an act of fellation. The defendant denied that he was present when the victim was killed. Enough for facts, other than to color it as a heinous and unnecessary crime with the evidence being sufficient, if that were our only issue, to support a finding that defendant killed his companion. Our problem in gross is the determination of the degree of the offense and thereby the determination of the sentence.
More specifically, as we plan to outline, our pivotal concern has to do with the procedure and substance whereby the felony murder concept became a central issue of the trial (evidence, arguments and jury charge) with this court now to find that the felony statute involved, "crime against nature," has been judicially voided leaving no felony on which to bottom the felony murder theory.
The reversal here is dictated by the decision in Franklin v. State, Fla. 1971, 257 So.2d 21. In short, it provided that Section 800.01, F.S. 1969, F.S.A., which made it a felony to commit "the abominable and detestable crime against nature," was prospectively void and unconstitutional because of vagueness and uncertainty  a legal criteria which seems to be growing in popularity. The Franklin opinion went on to suggest that Section 800.02, F.S. 1969, F.S.A., which makes it an offense as to anyone who "commits any unnatural and lascivious act with another person," was sufficiently precise and definitive as to state a misdemeanor offense.
The consequence of the Franklin decision is to strip the statutes of felonies based upon such sexual acts. Without attempting *854 a comprehensive generic or specific catalog, fellatio, sodomy, sexual acts which prior to Franklin were denominated as abominable and detestable crimes against nature with mankind or beast, or lascivious or unnatural sex acts can now, at best, be only misdemeanors under Section 800.02, F.S. 1969, F.S.A. Franklin v. State, Fla. 1971, 257 So.2d 21; See also Morris v. State, Fla.App. 1972, 261 So.2d 563; Blackmon v. State, Fla.App. 1972, 262 So.2d 264.
Murder in the first degree is statutorily defined as "... killing of a human being, when perpetrated from a premeditated design to effect the death of the person ... or when committed in the perpetration of or in the attempt to perpetrate... [the] abominable and detestable crime against nature...." Section 782.04, F.S. 1969, F.S.A. This latter language clearly refers to violations of Section 800.01, which sets out the crime against nature and its penalties. This void statute provided:
"800.01 Crime against nature; punishment.  Whoever commits the abominable and detestable crime against nature, either with mankind or with beast, shall be punished by imprisonment in the state prison not exceeding twenty years."
Now as to the trial court happenings, the indictment charged that James Edward Christian did "from a premeditated design to effect the death of CARRIE LOU BARBER O'DONNELL, kill and murder the said CARRIE LOU BARBER O'DONNELL, in said county, by striking her with a blunt instrument, a further description of which is to the Grand Jury unknown."
In the opening statement, the state commented:
(By Mr. Eagan, State Attorney)
"... [A]nd the evidence will show that this homicide started out as a sexual assault, not in the ordinary sense in that you will find from the evidence that her clothing was intact, but he had her in that barn on her back, sitting on top of her, trying to get her to take his penis into her mouth. When she refused, he became mad and he struck her and he beat her."
The evidence supported the extracted portions of the opening statement. The jury was instructed, among other things, as follows:
"Murder in the first degree is the unlawful killing of a human being when ... committed in the perpetration of or in the attempt to perpetrate ... abominable and detestable crime against nature... .
"The killing of a human being in committing or in attempting to commit ... abominable and detestable crime against nature ... is murder in the first degree even though there is no premeditated design or intent to kill.
"The crime of abominable and detestable crime against nature is defined as follows: The offense of sodomy or buggery. Sodomy is defined as a carnal copulation by human beings with each other against nature."
The state in its closing argument stated:
"Murder in the first degree is also established when a murder is committed in the commission or in the attempt to commit the abominable and detestable crime against nature which the Judge will define for you.
"That girl was flat on her back when she was found there. Her upper clothing was pulled up in the area of her neck. There was a photograph of that. Her slacks are intact. Her underpants were intact. The whole side of her head was caved in, but there is no blood on her slacks. The reason for that is that this man was sitting on her, astride her, protecting those lower extremities with his body, trying to force his penis into *855 her mouth, and when she refused, he struck her, and whether he knocked her unconscious or whether he killed her then is really irrelevant, because he thereafter went out, tried to get that car out of the septic tank and came back in that barn bringing to your mind, a lug wrench."
And now what does all of this mean? Repetitively, murder in the first degree is defined in the alternative. It is an unlawful killing when perpetrated from a premeditated design. Alternatively, the felony murder concept is available and premeditation is not required as in those cases where the unlawful killing is committed in the perpetration or attempt to perpetrate the abominable and detestable crime against nature (and other stated felonies not here necessary to list). Section 782.04, F.S. 1969, F.S.A. Of course the lesser degrees of murder were charged and available to the jury per Rule 1.490, Determination of degree of offense, Florida Rules of Criminal Procedure, 33 F.S.A.
As we analyze the evidence it is evident, in light of the verdict, that the jury necessarily either found defendant guilty of killing with premeditation or while involved in the attempt to commit the sex felony. We do not decide, as it is unnecessary for our decision, as to whether the premeditation was established by the necessary quantum of proof. We do say with emphasis that such evidence was exceedingly scant and that it is highly more likely, in view of the testimony and emphasis found in the record, that the jury traveled the felony murder route not requiring premeditation in finding defendant guilty of first degree murder.
And what is the effect of the Franklin case in light of the above announced hypotheses? If the felony murder theory is not available, and it is not under the law and facts of this case, the jury, if it finds no premeditation, as it is and would be entitled to do, could find defendant guilty of a lesser degree of the homicide and thus entitled to a sentence less than life imprisonment. We feel that the essential and manifest requirement of law indicates that defendant should be re-tried without intrusion of the now illegal and void felony found in Section 800.01, F.S. 1969, F.S.A. Thus, the jury would be required to find premeditation as a predicate to a finding of first degree murder or to travel to the lesser degrees where premeditation is not required and the penalty less severe.
As earlier remarked, the Franklin decision was to be prospective and not retroactive. It was decided after trial and judgment and before appeal in the instant case. This precise matter was considered in Morris v. State, Fla.App. 1972, 261 So.2d 563, an appeal of a conviction under Section 800.01. Defendant's conviction there was prior to the Franklin decision, but that case was decided during the pendency of Morris' appeal. The Second District Court of Appeal applied Franklin:
"The court further held that its decision is not retroactive but is prospective only. This raises the question of whether that case is controlling here since it was handed down after the trial herein but before this appeal has been decided. Since the matter held unconstitutional is not a procedural one, ... but is rather a substantive matter upon which the entire case is predicated, we hold that the supreme court's decision in Franklin and Joyce, supra, is controlling here. That is to say, if a procedure is declared unconstitutional, and the decision so declaring is to be given prospective effect only, that decision only affects trials conducted thereafter. When, however, an entire proceeding is substantively bottomed on a statute which is declared unconstitutional the cause is determined at the appellate level as the law exists at the time of the appeal and not at the time of the institution of the proceedings in the trial court. (This emphasis ours.) And this is so notwithstanding that the statute involved has theretofore been held valid and/or its *856 validity was not questioned in the trial court."
Then in Blackmon v. State, Fla.App. 1972, 262 So.2d 264, a conviction of Section 800.01 was overturned. Defendant's conviction was prior to Franklin, but that case was decided during the pendency of his appeal. Defendant had charged the unconstitutionality of Section 800.01 at trial. The First District Court of Appeal applied Franklin:
"It is our interpretation of the judgment rendered by the Supreme Court of Florida in Franklin v. State, supra, that the nonretroactive effect of that judgment holding unconstitutional the statute involved herein applies only to judgments of conviction and sentence which have become final and are no longer open to appellate review. The prospective application of the court's ruling includes not only cases which might arise in the future involving charges for violation of the statute but would apply with equal force to such cases where the judgment and conviction had not become final because of the pendency of an appeal in a court of competent jurisdiction."
Finally, is it of moment that defendant did not challenge the constitutionality of Section 800.01, F.S. 1969, F.S.A., at trial? We think not. Morris v. State, supra, allowed the unconstitutionality of Section 800.01 to be raised at the appellate level even though it was not raised at trial.
Somewhat by way of postscript we ask ourselves if this court, consistent with its judicial obligation, could somehow term the error here outlined as harmless under Section 924.33, F.S. 1971, F.S.A., and thereby affirm. The answer is patently, "no." It is, of course, a manifest requirement that the court instruct the jury upon the law of the case. It affords the lay jury with the blueprint of applicable law  the can do's and can't do's. It prescribes the several courses available to them and the ways of approach and the criteria to be employed. "Indeed, it is an inherent requisite of a fair and impartial trial under the due process of law clauses, that an accused be accorded the right to have the court intelligently and correctly instruct the jury on the essential and material elements of the crime charged." 32 Fla.Jur., Trial, § 140. See also 23 Fla.Jur., New Trials, § 43. As more exactly stated in Gerds v. State, Fla. 1953, 64 So.2d 915:
"It is an inherent and indispensable requisite of a fair and impartial trial under the protective powers of our Federal and State Constitutions as contained in the due process of law clauses that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence. Such protection afforded an accused cannot be treated with impunity under the guise of `harmless error'. See Henderson v. State, 155 Fla. 487, 20 So.2d 649; Motley v. State, 155 Fla. 545, 20 So.2d 798; Croft v. State, 117 Fla. 832, 158 So. 454 and others." (Emphasis added.)
Materially erroneous charges will be considered harmful error if the jury was or could have been misled by them. 32 Fla.Jur., Trial, § 163; Walker v. Parry, 1906, 51 Fla. 344, 40 So. 69. To further illustrate, in Lane v. State, 1902, 44 Fla. 105, 32 So. 896, the jury was erroneously instructed on self defense. In reversing, the Supreme Court commented:
"It is the rule in this court that in determining the correctness of charges they must be considered as a whole, but where a special charge in itself announces a patently erroneous proposition of law, it must affirmatively and clearly appear that the presumptive harm caused thereby has been entirely removed, or the judgment should be reversed."
It is so apparent that it will not be labored more. The act of instructing the *857 jury that it could find the defendant guilty of a non-existent crime pursuant to an unconstitutional statute is fundamental error of the worst sort. If it were otherwise, juries could be erroneously charged without limitation and without remedy to the accused.
It is our conclusion, on the bases here set forth, that defendant was improperly and illegally tried on the felony murder theory. We think he is entitled to a new trial free from the force and influence of the unconstitutional statute.
All other points raised by defendant on appeal have been examined and considered in detail with the help of counsels' advice and arguments. None of the additional points have merit. They either lack substance or were not preserved for appellate review, all as specifically urged by the state.
We reverse[1] and remand with instructions to afford defendant-appellant a new trial consistent with the views herein expressed.
Reversed and remanded.
OWEN, J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting):
I must respectfully dissent for it is my view that quite apart from the now illegal and void felony found in F.S. Section 800.01, F.S.A., the evidence is sufficient to support a conviction of murder in the first degree based upon premeditation. Moreover, I do not believe that the giving of an instruction with respect to the matters proscribed by Section 800.01, supra, constituted fundamental error.
As the majority opinion ably points out, murder in the first degree is defined in the disjunctive, i.e., an unlawful killing when perpetrated from a premeditated design or when done in the commission or attempted commission of certain named felonies. There are, therefore, two separate and distinct theories upon which murder in the first degree can be sustained: (1) that the murder was committed in the course of certain felonies, i.e., the abominable and detestable crime against nature or (2) that the murder was premeditated. Where the evidence supports a first degree conviction on either theory such conviction will stand. See Hill v. State, Fla. 1961, 133 So.2d 68; Larry v. State, Fla. 1958, 104 So.2d 352; and Blake v. State, Fla. 1963, 156 So.2d 511. It is my opinion that the evidence in this record supports a first degree murder conviction based upon premeditation as charged in the grand jury indictment; the circumstances were ample from which a jury could have found premeditation, without regard to the felony-murder theory.
The decisions in Morris v. State, supra, and Blackmon v. State, supra, cited by the majority, are not completely dispositive of this appeal. In Morris and Blackmon the courts were concerned with convictions under F.S. Section 800.01, F.S.A., and the application of a decision subsequently declaring such statute unconstitutional. In the instant case, we are concerned with a conviction of murder in the first degree under F.S. Section 782.04, F.S.A., predicated upon premeditation or the commission of a felony. We are not presented with a situation, as in Morris or Blackmon, where "[the] entire proceeding is substantively bottomed on a statute which is declared unconstitutional." For that reason, in particular, the giving of the instruction with respect to Section 800.01, while erroneous, was not fundamental error requiring reversal. A review of the entire record as well *858 as a review of the entire charge by the trial judge, which, incidentally, included the lesser degrees of homicide, does not affirmatively reflect that the instruction as given so misled the jury that the resulting conviction can be classified as a miscarriage of justice.
The evidence in the record was sufficient to support a conviction upon the alternate theory of premeditation and accordingly I would affirm.
NOTES
[1] We wish to point out here in fairness and in print that the very able trial judge and counsel conducted this trial in exemplary fashion and in strict accordance with the law as it existed and as it had been interpreted as of the time of the actual trial. We repeat that Franklin v. State, supra, was decided subsequent to appellant's trial.