257 So.2d 21 (1971)
Alva Gene FRANKLIN, Appellant,
v.
STATE of Florida, Appellee. Stephen F. Joyce, Appellant,
v.
State of Florida, Appellee.
Nos. 40758, 40757.
Supreme Court of Florida.
December 17, 1971.
*22 Walter R. Talley, Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and P.A. Pacyna, Asst. Atty. Gen., for appellee.
PER CURIAM:
We here consider these consolidated appeals transferred by the District Court of Appeal, Second District,[1] 243 So.2d 440, because the trial judge passed upon and upheld the constitutionality of Fla. Stat. § 800.01, F.S.A., reading as follows:
"Whoever commits the abominable and detestable crime against nature, either with mankind or with beast, shall be punished by imprisonment in the state prison not exceeding twenty years."
The renewed attack on the language of this statute for constitutional vagueness and overbreadth is not surprising in view of the guarded wording used in such statutes in 1868 when it was drafted. A very serious question is raised as to whether the statute meets the recognized constitutional test that it inform the average person of common intelligence as to what is prohibited so that he need not speculate as to the statutory meaning.[2] If the language does not meet this test, then it must fall and the matter must be left to legislative correction. This statute and others relating to a variety of sex offenses need immediate legislative review and action. We urgently commend this important area of great social *23 concern for appropriate remedial legislation.
We have over a long period of time upheld the statute despite earlier constitutional challenges.[3] We are persuaded that these holdings and this statute require our reconsideration. One reason which makes this apparent is the transition of language over the span of the past 100 years of this law's existence. The change and upheaval of modern times are of drastic proportions. People's understandings of subjects, expressions and experiences are different than they were even a decade ago. The fact of these changes in the land must be taken into account and appraised. Their effect and the reasonable reaction and understanding of people today relate to statutory language.
The blindfold upon our Lady of Justice is symbolic of impartiality, as being blind to all outside influences which would divert from the material facts and law applicable to the case in which justice is being sought upon its merits. Her blindfold in no wise suggests that justice should be blind to the facts of life and of the times in which it functions; for the law, to be vibrant, must be a living thing, responsive to the society which it serves, and to which that society looks as the last true depository of truth and justice.
A further reason dictating our reexamination here is the expansion of constitutional rulings on the invasion of private rights by state intrusion which must be taken into account in the consideration of this statute's continuing validity. The language in this statute could entrap unsuspecting citizens and subject them to 20-year sentences for which the statute provides. Such a sentence is equal to that for manslaughter and would no doubt be a shocking revelation to persons who do not have an understanding of the meaning of the statute.
Those who are versed in the law may understand the statute's meaning because of their knowledge of legal interpretations in court opinions, but it seems to us that if today's world is to have brought home to it what it is that the statute prohibits, it must be set forth in language which is relevant to today's society and is understandable to the average citizen of common intelligence which is the constitutional test of such language.[4]
We do not, of course, here sanction historically forbidden sexual acts, homosexuality or bestiality. We only say that in this, as in any other conduct which is made a crime by statute, the forbidden conduct must be stated in terms which meet the constitutional test, i.e., that it is understood by the average man of common intelligence.[5]
It is authoritatively recognized that:
"This statute provides a penalty for a crime, but fails to deliniate [sic] what conduct will violate its terms."[6] [emphasis added]
Common law definitions are of course resorted to when the forbidden conduct is not defined.[7] This may supply the deficiency for a legal understanding of a vague statute, but it cannot meet the constitutional requirement that the language of the statute be understandable to the common man.
The offense charged is what is often referred to as a homosexual act, between *24 the two appellants, under this statute. According to the testimony, the two were apprehended by a police lieutenant in the commission of the act in a parked car in a public place. The police lieutenant testified that he observed appellants leaving a public restroom on the Municipal Pier in St. Petersburg, Florida, at approximately 2:45 a.m., drive in their separate cars in the same direction, park them together out on a fill area and get together in one of the cars. The time of their apprehension was approximately 2:50 or 2:55 a.m. When the officer walked up to the car and shined his flashlight inside, he observed appellants committing "a crime against nature." If the statutory prohibition of § 800.01 was intended to be oral or anal sex activity between consenting partners, as seems to be indicated from Delaney, supra, then this should be made clear in such a statute.
Legislative action is long past due in this and related fields of personal relationships, as we have so strongly pointed out in the disturbing matter of the abortion statutes and with great restraint have left to its proper place in the Legislature the correction which is so sorely needed.[8] The courts would much prefer appropriate legislative action, where proper conditions and restraints can be set forth. We strive to observe the delineation of our branches of government, but in the case before us here there is no doubt on its face that this statute as worded cannot withstand the constitutional onslaught and must fall. We are thoroughly in accord with upholding proper statutes, but a court must guard equally against those which offend constitutional standards and which constitute an infringement by the state upon the private rights of citizens. The statute, § 800.01, is void on its face as unconstitutional for vagueness and uncertainty in its language, violating constitutional due process to the defendants.
We anticipate and recommend legislative study of the subject and, pending further legislation in the matter, society will continue to be protected from this sort of reprehensible act under Section 800.02, Florida Statutes, F.S.A., which provides:
"Unnatural and lascivious act. Whoever commits any unnatural and lascivious act with another person shall be punished by fine not exceeding five hundred dollars, or by imprisonment not exceeding six months."
Under the evidence in this case, the conduct denounced in Section 800.02, Florida Statutes, F.S.A., is a lesser included offense.
Accordingly we must, without any criticism of the able trial jurist who was following the decisions then existing, reverse the two judgments adjudging the defendants of being guilty of a felony and remand the causes to the trial court with directions to enter a judgment of guilty of Section 800.02 which is a misdemeanor, and to impose sentence accordingly. In view of our former decisions, this judgment holding the felony statute void is not retroactive, but prospective only.
We recede from prior opinions inconsistent with this holding.
It is so ordered.
ERVIN, CARLTON, ADKINS, McCAIN and DEKLE, JJ., concur.
ROBERTS, C.J., concurs specially with opinion.
BOYD, J., dissents.
ROBERTS, Chief Justice (concurring specially).
I agree that the statute sub judice is so vague, indefinite and uncertain as to render it void as violative of constitutional requirements.
*25 In the case of United States v. Armstrong, D.C., 265 F. 683, the court stated:
"In general, a criminal statute, to be valid, must be so clearly and definitely expressed that an ordinary man can determine in advance whether his contemplated act is within or without the law, and, if deviation from a standard is prohibited, the standard must be definitely fixed."
In Watkins v. United States, 354 U.S. 178, 77 S.Ct. 1173, 1 L.Ed.2d 1273, the Supreme Court of the United States stated that:
"A defendant has right to have available, through a sufficiently precise statute, information revealing the standard of criminality before commission of the alleged offense."
In Raley v. Ohio, 360 U.S. 423, 438, 79 S.Ct. 1257, 1266, 3 L.Ed.2d 1344, the court again stated:
"A State may not issue commands to its citizens, under criminal sanctions, in language so vague and undefined as to afford no fair warning or what conduct might transgress them."
The Supreme Court of Florida has been faced with the question of vagueness and unconstitutionality of penal statutes in several cases. One such case is Locklin v. Pridgeon, found at 158 Fla. 737, 30 So.2d 102 (1947). In that case the Supreme Court of Florida recognized that a penal statute must be definite to be valid. As the Court stated:
"It appears to be generally conceded that a statute, especially a penal statute, must be definite to be valid. In 12 Am.Jur., Constitutional Law, page 282, Sec. 585, it is said:
"A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."
This weakness has been recognized in a number of states, followed by corrective legislation. See Section 617.14, Minnesota Statutes (1961); also Section 705.1, Code of Iowa (1962); and Alaska Statutes, Sections 11.40.120, et al.
I concur in the opinion and judgment.
ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.
NOTES
[1] Fla. Const. art. V, § 4(2), F.S.A.
[2] Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934); Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102 (1947); State ex rel. Lee v. Buchanan, 191 So.2d 33 (Fla. 1966); and Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146 (1927).
[3] Delaney v. State, 190 So.2d 578 (Fla. 1966), appeal dismissed 387 U.S. 426, 87 S.Ct. 1710, 18 L.Ed.2d 866 (1967); Ephraim v. State, 82 Fla. 93, 89 So. 344 (1921); Jackson v. State, 84 Fla. 646, 94 So. 505 (1922); English v. State, 122 Fla. 77, 164 So. 848 (1935); Lason v. State, 152 Fla. 440, 12 So.2d 305 (1943); Fine v. State, 153 Fla. 297, 14 So.2d 408 (1943); and McElveen v. State, 72 So.2d 785 (Fla. 1954).
[4] See Note 2, supra.
[5] See Note 2, supra.
[6] 22 F.L.P., Sodomy, § 2 (p. 326).
[7] Id.
[8] Walsingham v. State, 250 So.2d 857 (Fla. 1971).