ADKINS, Justice.
This cause is before this Court on direct appeal from the Criminal Court of Record for Dade County, Florida. The trial court passed directly upon the constitutionality of Fla.Stat. §§ 800.01, F.S.A., holding same constitutional. We have jurisdiction. Fla.Const., art. V, § 4(2), F.S. A.
During the pendency of this appeal, this Court in Franklin v. State and Joyce v. State, 257 So.2d 21 (Fla.1971), declared the above statute unconstitutional. However, we remanded the causes to the trial court with directions to enter judgments of guilt under Fla.Stat. § 800.02, F.S.A., which is a misdemeanor, and to impose sentences accordingly.
As in Franklin v. State and Joyce v. State, supra, under the evidence in this case, the conduct denounced in Fla.Stat. § 800.02, F.S.A., is a lesser included offense. Therefore, the judgment and sentence of the trial court is reversed and this cause is remanded to the trial court for disposition not inconsistent with our decision in Franklin v. State and Joyce v. State, supra. See also Morris v. State, 261 So.2d 563 (Fla.App.2d, 1972).
It is so ordered.
ROBERTS, C. J, and BOYD, McCAIN and DEKLE, JJ., concur.