HENDRY, Judge.
Appellant, defendant below, seeks review in this Baggett appeal[1] from a conviction on the charge of a crime against nature under § 800.01, Fla.Stat., F.S.A.
The appellant was tried and convicted for committing a crime against nature in 1967 and sentenced to fifteen years in the State Penitentiary. At no time prior to or during his trial did appellant challenge the constitutionality of the statute under which he was charged and convicted. Subsequently, in Franklin v. State, Fla.1971, 257 So.2d 21 (opinion rendered December 17, 1971), the Supreme Court of Florida held that § 800.01, Fla.Stat., F.S.A., was unconstitutionally vague and overbroad. In so doing, however, the court specifically noted that their holding in the Franklin decision was to be applied prospectively only. Franklin v. State, supra at 24.
In this appeal appellant attempts to take advantage of the Supreme Court’s holding in Franklin, or in the alternative asks this court to specifically rule that the decision should be given retroactive application, contrary to the direct dictates of our Supreme Court. This latter course we refuse to follow since we are bound by the most recent pronouncement of our Supreme Court in such matters. Moreover, the Supreme Court could not have been any clearer in its intent not to apply the Franklin decision retroactively. In this regard, then, we are bound by their holding.
In addition, we must also note that the Supreme Court, subsequent to the date of their Franklin decision, also held that the abortion statutes of our state (§§ 782.-10 and 797.01, Fla.Stat., F.S.A.) were vio-lative of United States and Florida Constitutions in that they were also vague, indefinite and uncertain. See State v. Barquet, Fla.1972, 262 So.2d 431. As in the Franklin decision the court felt that the application of the holding should only be given a prospective effect. In that case the court went even further, however, and noted exactly which future defendants would be able to take advantage of the holding of the case. The court stated: (262 So.2d at 438)
“The holding in this decision is available to those defendants who have not yet been adjudicated guilty of a violation of either of these statutes involved in the case sub judice, as well as those who have sought timely review by appeal from an adjudication of guilt, as of the filing date of this opinion.” [Emphasis supplied.]
While such a specification does not appear within the Franklin decision, we are of the *317 opinion that our Supreme Court would wish to treat it in the same manner. Thus, we are of the belief that appellant would only be entitled to take advantage of the Franklin holding if he had “sought timely review by appeal from an adjudication of guilt, as of the filing date of” the Franklin opinion. The record in the case sub judice indicates that the initiating pleading of this appeal[2] was dated June 10, 1972. Thus, the initiation of the instant appeal took place some six months after the filing of our Supreme Court’s opinion in the Franklin case. We therefore hold that appellant does not fall within the class of individuals entitled to take advantage of the ruling of our Supreme Court in the case of Franklin v. State, supra, holding Fla.Stat. § 800.01, F.S.A., to be unconstitutional.
Appellant also alleges error on the part of the trial judge in his refusal to charge the jury on the lesser included offense of assault and battery, when such a request was timely made at trial. We cannot clearly say that such an omission by the trial judge was an error in the instant case on the state of the record before us [3] and the present law of the state.[4] Nonetheless, we are of the belief that any error that took place in this regard was harmless and did not in any way deprive the appellant of or injuriously affect his substantial rights. DeLaine v. State, Fla. 1972, 262 So.2d 655.
Therefore, for the reasons stated and upon the authorities cited and discussed, and since no reversible error has been made to appear, the judgment and sentence appealed from is hereby affirmed.
Affirmed.

. Baggett v. Wainwriglit, Fla.1969, 229 So.2d 239.

. The initial pleading in this cause was a pro se document entitled “Appeal for Issuance of the Writ of Habeas Corpus Filed Pursuant To : Florida Constitution, Article 1, Declaration of Rights, Section 13.” In an order of this court dated June 26, 1972, we stated that, “The petition shall be treated and acted upon as a notice of appeal filed by the defendant from the judgment and sentence of which he complains.”

. The record reflects that while the court refused to charge the jury as to assault and battery, it did charge them on the lesser included offenses of lewd, lascivious or indecent assault or act upon or in the presence of a child (Fla.Stat., § 800.04, F.S.A.) and the offense of unnatural and lascivious acts (§ 800.02, Fla.Stat., F.S.A.).

. See: State v. Anderson, Fla.1972, 270 So.2d 353.