Gabrielli, J.
(dissenting). I dissent and vote to affirm the order of the Appellate Division. The Committee on Character and Fitness withheld any recommendation for admission because of certain facts appearing in the application, in the face of and despite their report that the applicant possessed the requisite character and fitness for an attorney at law.
The applicant, admitted to the Bar of the State of Florida on April 24,1953, was engaged in active practice there until he was disbarred in 1957 by the Supreme Court of Florida (State ex rel. Florida Bar v. Kimball, 96 So. 2d 825 [Fla.]). His status there remains unchanged.
While we are not bound to accord full faith and credit to a foreign judgment of disbarment (U. S. Const., art. IV, § 1; 7 Am. Jur. 2d, Attorneys at Law, § 20), high respect for a foreign determination will be given, but in the final analysis, the local court will make its own independent determination. That procedure has been followed in this case.
Following an arrest for committing an indecent and lewd act in a public place in the City of Orlando, Florida, the applicant was released on bail. He forfeited bail and charges were thereafter filed by the Florida Bar Grievance Committee. Following a testimonial hearing before a Referee consisting of three complete sessions at which detailed evidence was presented by the applicant, his witnesses, the other participant involved in the alleged act and the police officer, the Referee found that the applicant was committing an act of sodomy when apprehended by the police. Upon the evidence produced, the Supreme Court of Florida entered an order of disbarment. It is important to here note that the Appellate Division held that the findings of fact made below were substantiated by the evidence, all of which was submitted by the parties to the court below.
There is no merit to applicant’s argument that the disbarment proceeding in Florida should not be considered against him for the advanced reason that the statute under which he was arrested in 1955, was held unconstitutional by the Supreme Court of Florida in 1971 (Franklin v. State, 257 So. 2d 21 [Fla.]). That holding of the court was held to be prospective only and, incidentally, it has been held to have continued misdemeanor effect. In any event, the significant fact remains that at the time he was found by the Referee to have committed sodomy, *588 it constituted a felony both in Florida and New York* (former Penal Law, § 690); and, of course, if it had been committed here automatic disbarment would have been mandated.
In these circumstances, and in the exercise of discretion which finds full and adequate support from all the evidence submitted to the Appellate Division, the determination was properly made.
There is a further consideration which merits our attention and, like the other evidence in the case, also merits an affirmance. It was forthrightly announced by the applicant’s attorney at oral argument and in his brief that the applicant is and has been in violation of section 130.38 of the Penal Law, which he considers to be an unconstitutional provision. The majority does not hold that this statute, by which the Legislature considers consensual sodomy to be a proscribed act of “ deviate sexual intercourse ”, unconstitutional. While the other evidence, heretofore related, was sufficient for the Appellate Division to deny admission to the Bar, it is proper to here note that so long as this statute is on our books, it is the law of this State to be observed by all and the court below would have the right to consider violations of the statute as a factor which could militate against the present application. It cannot be denied that the Appellate Division has full and complete authority to deny admission to the Bar, to one who is an avowed and admitted persistent violator of any criminal statute. No less authority surrounds the present case.
The order appealed from is based upon findings of fact which • were substantiated by the evidence produced at hearings wherein the applicant received and was accorded full and all appropriate due process rights;
The order of the Appellate Division should be affirmed.
Chief Judge Fuld and Judges Burke, Breitel, Jasen, Jones and Wachtler concur in Per Curiam opinion; Judge Gabrielli dissents and votes to affirm in a separate opinion.
Order reversed, without costs, and matter remitted to Appellate Division for further proceedings in accordance with opinion herein.

 In New York, a consensual act-is now a Class B misdemeanor (Penal Law, B 130.381.