288 So.2d 480 (1974)
Linteen Edward WILSON, Appellant,
v.
STATE of Florida, Appellee.
Bernard BRINSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 43932, 44129.
Supreme Court of Florida.
January 9, 1974.
*481 Brian T. Hayes, Tallahassee, for appellant, Wilson.
Richard W. Ervin, III, Public Defender, for appellant, Brinson.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
McCAIN, Justice:
This consolidated cause is before us to review by appeal the decision of the District Court of Appeal, First District, interpreting the constitutional validity of Florida Statutes, § 794.01 (1971), F.S.A. We have jurisdiction pursuant to Article V, § 3(b)(1), Florida Constitution, F.S.A.
The appellants, together with certain others, were charged with sodomy in violation of Florida Statutes, § 800.01 (1971), F.S.A., by informations filed in the Circuit Court in and for Bradford County. The incident giving rise to the charges and convictions occurred in Raiford prison. The appellants and their victim were prison inmates. The victim was threatened at knife point after an initial beating and forced to submit to sexual copulation per anum. Following a jury trial, defendants were found guilty as charged. The Court adjudged them guilty and sentenced Brinson to 20 years imprisonment and Wilson to 15 years. In the interim between the adjudication of guilt and the subsequent appeal, this Court ruled in Franklin v. State, 257 So.2d 21 (1971) that the statute, Fla. Stat. § 800.01, F.S.A. was "void on its face as unconstitutional for vagueness and uncertainty in its language, ...".[1] On May 17, 1973, the District Court reversed defendant's convictions and remanded the case to the trial court for "further proceedings under Section 794.01, Florida Statutes, on charges of rape and forcible carnal knowledge."[2] Thereupon timely appeal was taken to this Court.
Florida Statutes, § 794.01, F.S.A., specifically provided the following generic language:
"Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be guilty of a capital felony, ..." (Emphasis supplied.)
The District Court in reversing the conviction based upon the now unconstitutional Section 800.01 was correct in light *482 of the decision in Franklin, supra, since the appellate court in reviewing a judgment, is bound by the interpretation of the constitutionality of the statute prevailing at the time of the appellate disposition. Had the District Court elected to restrict its action to only that course of action, the need for additional appellate review would have been unnecessary, however, that Court further held that the defendant could be tried under the provisions of Florida Statutes, § 794.01, F.S.A., for rape.
The Court seeks sanctity in the decision of Deas v. State, 119 Fla. 839, 161 So. 729 (1935). In 1921, a companion statute to Section 794.01, Chapter 8596, Acts of 1921, (now Fla. Stat. § 794.05, F.S.A.) was amended, changing in effect the word "female" to the word "person". This Court said of that change:
"The purpose of the 1921 amendment (passed at the first session of the Legislature elected after the ratification of the national woman's suffrage amendment) was to abolish the distinction as to sex, and thereupon to provide for the protection of the chastity of all unmarried persons, whether male or female, under the age of eighteen years when of previous chaste character."[3]
This Court was operating with the express legislative pronouncement and not with its own interpretation of the prevailing popular morality. Had the Legislature elected to conform Section 794.01 to that language found in Section 794.05 we would have less difficulty with the District Court's decision; or if this Court were solely a court of justice and not a court of justice under the law, the moral merit of the District Court's determination that this heinous crime must not go unpunished would force a different result. However, this is not the case. It is not the province of the judiciary to legislate; therefore, for the Court to change the definition of "female" found in Florida Statutes, § 794.01, F.S.A., to be the same as the more inclusive word "person" is to invade the province of the Legislature. It is just such an expansion the District Court undertook:
"We hold therefore that any verbiage contained in Section 794.01 that purports to limit the protective provisions of the law to females while such verbiage withholds that same protection from males is violative of Sections 2, 9 and 21 of Article 1 of the Florida Constitution F.S.A. and Section 1 of the Fourteenth Amendment of the United States Constitution." Brinson v. State, Wilson v. State, 278 So.2d 317, 322 (Fla.App. 1973).
Clearly from this language, the lack of a protective statute has affected the judicial conscience, as well it should, but the courts should not shoulder the burden and responsibility of the Legislature. The Legislature has had two years to fill the void created by the holding of the sodomy statute unconstitutional. The wording has been changed in Section 794.01, Florida Statutes, F.S.A. to read "person" but related crimes classified at common law as "sodomy" are as yet uncovered.
Finally, the District Court considered the denial of equal protection to all males while in the same breath denied equal protection to the defendants in this action. As stated above, the statute did not cover a rape of a male, but the radically new interpretation of Section 794.01, punishes as criminal conduct that which was not criminal under the existing statutes at the time of the incident, thus violating the Due Process Clause of the United States Constitution and the Florida Constitution as being ex post facto in its application. Bouie v. Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894; Higginbotham v. State, 88 Fla. 26, 101 So. 233 (1924); Rhodes v. State, 283 So.2d 351 (Fla. 1973). The State, in fact, concedes this point:
"Therefore, it is with great reluctance that the Appellee (State of Florida) admits *483 that in the face of the controlling cases of Bouie and Rhodes, supra, it can make no supportive argument that to apply the provisions of Section 794.01, Florida Statutes to these Appellants would not be ex post facto in application."
For these reasons, Florida Statutes Section 794.01, F.S.A., shall not be applied to the actions of these defendants; however, the record reveals that the reprehensible conduct might be supportive of prosecution, but that is not for us to decide.
Therefore the decision of the District Court is reversed and remanded with instructions not to proceed inconsistently with this decision.
It is so ordered.
CARLTON, C.J., and ERVIN and ADKINS, JJ., concur.
ROBERTS, J., dissents.
NOTES
[1] Franklin v. State, at 24.
[2] Brinson v. State, 278 So.2d 317, 323.
[3] Deas v. State, at 730.