561 So.2d 333 (1990)
Rubin C. McGAHEE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1884.
District Court of Appeal of Florida, First District.
April 18, 1990.
Rehearing Denied June 12, 1990.
*334 Robert J. Link of Howell, Liles & Milton, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
Appellant, Rubin C. McGahee, appeals his 1989 conviction of one count of rape pursuant to the versions of section 794.01, Florida Statutes in effect during 1971 and 1972. We reverse appellant's conviction for the reasons set out below.
The record on appeal indicates that appellant was arrested in October of 1988 and charged in a second amended information with two counts of rape of a female child under the age of ten years, in violation of section 794.01, Florida Statutes. Both counts were alleged to have occurred between January 1, 1971 and October 1972. Count I specifically charged appellant with placing his penis in the victim's mouth, while Count II charged him with placing his tongue in her vagina.
Within 1 1/2 hours after his arrest, appellant gave both an oral and a written statement confessing to having fondled and performed oral sex on the then 8-year-old victim over a 4-6 month period during 1971 and 1972. Appellant's motion to suppress the statements was denied, as was his motion to dismiss the second amended information on the basis that it failed to state a violation of section 794.01, Florida Statutes (1971). A jury trial was conducted in June of 1989, at which the State presented the testimony of six witnesses. Appellant did not take the stand at trial. Further, appellant's counsel admitted during both opening statement and closing argument that the prosecutor's allegations were true, but took the position that the acts committed by the appellant did not constitute the offense of rape as defined in the versions of section 794.01 in effect during 1971 and 1972.
After closing argument, the jury was given the following instruction on rape over defense counsel's repeated objections:
It is the crime of rape for any male person to carnally know and abuse a female child under the age of ten years. Carnal knowledge includes sexual intercourse, but that is not all that carnal knowledge includes. The word carnal is derived from the Latin word meaning flesh. The word pertains to the body, its passions and its appetites. It extends to the gratification of animal appetites or lust upon the body of another.
The essential elements of this offense which must be proved beyond a reasonable doubt before there can be a conviction in this case are, one, that the victim was a female child under the age of ten years; two, that there was actual penetration of the victim's bodily orifice, whether oral by the defendant's penis or vaginal by the defendant's tongue. That completes the elements.
After deliberating for approximately 4 1/2 hours, the jury found appellant guilty as charged on Count I of the information, and not guilty on Count II. Appellant was later sentenced to 40 years incarceration.
The operative language of the 1969, 1971, and 1972 versions of section 794.01 provides that "whoever ... unlawfully or carnally knows and abuses a female child under the age of ten years" is guilty of the *335 offense of rape. All three versions of the statute provide that it "shall not be necessary to prove the actual emission of seed, but the crime shall be deemed complete upon proof of penetration only." In 1973, the statute was amended to delete its application to females only, and was changed to read "Whoever ... unlawfully and carnally knows and abuses a child under the age of 11 years, shall be guilty of a life felony... ." The 1969 and 1971 statutes also included Chapter 800, which prohibited crimes against nature (section 800.01), unnatural and lascivious acts (section 800.02), and lewd and lascivious or indecent assault or acts on or in the presence of a child (section 800.04).
At the time of the offenses alleged in this case, the crime of rape as prohibited by section 794.01 was defined in Florida case law as sexual intercourse only, and required penetration of the female sex organ by the male sex organ. See, e.g., Wright v. State, 199 So.2d 321 (Fla. 1st DCA 1967) (interpreting an earlier version of 794.01 having language identical to that in the 1969-1972 versions as requiring intercourse); Askew v. State, 118 So.2d 219 (Fla. 1960) (interpreting an earlier version of 794.01 with the same language as the 1969-1972 statutes, as having two elements: (1) penetration of the female private parts by the private male organ, and (2) force); State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944) (defining the portion of section 794.01 applying to females over the age of 10)). In addition to the case law, the 1972 version of the Florida Standard Jury Instruction on rape of a female under the age of 10 (which appellant proposed prior to trial) listed the elements of section 794.01 as follows:
(1) that (the prosecutrix) was a female child under the age of 10 years.
(2) that there was an actual penetration of the female organ of the said (prosecutrix) by the male organ of (defendant).
At the same time that section 794.01 was being construed to prohibit intercourse, the courts were construing oral and anal penetration as violations of section 800.01, prohibiting crimes against nature. In Delaney v. State, 190 So.2d 578 (Fla. 1966), the supreme court held that the previous opinions of the supreme court "clearly advise all people that in this state the abominable crime against nature includes copulation either by mouth or by anus," and concluded that section 800.01 prohibited oral copulation and afforded the defendant "notice that the act complained of was a crime in this state with at least the degree of definiteness required by our constitution." Id. at 582.
The above interpretations of sections 794.01 and 800.01 first began to change in 1971. In that year, a defendant convicted under section 800.01 for oral and anal copulation with another consenting male challenged the constitutionality of section 800.01. The supreme court found section 800.01 to be unconstitutionally void on its face for vagueness, and reversed and remanded for the defendant to be adjudicated guilty of the lesser-included offense of section 800.02. In so doing, the court stated: "We anticipate and recommend legislative study of the subject and, pending further legislation in the matter, society will continue to be protected from this sort of reprehensible act under Section 800.02 [prohibiting unnatural and lascivious acts]." Franklin v. State, 257 So.2d 21, 24 (Fla. 1971). The Franklin decision, released on December 17, 1971, was specifically held to have prospective effect only.
Several months after Franklin, the supreme court reversed the conviction of a defendant found guilty under section 800.01 for committing oral copulation upon a female victim. As in Franklin, the supreme court reversed the conviction and remanded with directions to adjudicate the defendant guilty of violating section 800.02  a misdemeanor  based on the unconstitutionality of section 800.01. Parisi v. State, 265 So.2d 699 (Fla. 1972).
The next case addressing this subject was Brinson v. State, 278 So.2d 317 (Fla. 1st DCA 1973), in which this court reviewed the conviction of a defendant found guilty under section 800.01 for committing forcible sodomy upon a male prison inmate. The court recognized that it could not affirm defendant's conviction because of the *336 Franklin and Parisi decisions, and noted that the Legislature had not yet rewritten the now unconstitutional section 800.01. As a result, the conduct committed by the defendant could only be punished as a misdemeanor under section 800.02. Not willing to reverse for resentencing as a misdemeanor only, the court reviewed the language of section 794.01 to determine whether the defendant could be found guilty under that statute, and stated as follows:
The hiatus resulting from the Supreme Court's decision invalidating the sodomy statute in Franklin and the Legislature's unwillingness to bridge an obvious void in our criminal laws has made Florida the only State in the country, and perhaps the world, where forcible sodomy of the kind involved in Parisi, supra, and the case sub judice is only a misdemeanor punishable by sixty days in the county jail. It is clear that the law is not in harmony with the demands of our society. It is our unmistakable duty to reestablish that harmony if we can do so by invoking the generally recognized principles of statutory construction and interpretation, giving due cognizance to the circumstances resulting from the Supreme Court's decision in Franklin whereby the only statute theretofore invoked to prohibit and punish forcible sodomy was invalidated. Thus, if there obtains any other statute whereunder such conduct can be held to be a felony, we must so hold to the end that our constitution and law be applied so as to ".. . insure domestic tranquility, [and] maintain public order, ..."
278 So.2d at 320-21.
The Brinson court concluded that the term "carnal knowledge" as found in section 794.01 included not only sexual intercourse, but extended also to sodomy, and held that "any forcible penetration by a man's sexual organ into any bodily orifice of another against the latter's will constitutes forcible carnal knowledge of the victim and upon conviction thereof is punishable under Section 794.01, Florida Statutes F.S.A.." 278 So.2d at 322 (e.s.). In order to reach this conclusion, the court also concluded that males were entitled to the same protection against sexual assault as females, despite the fact that the statute specifically applied at that time (as it also did in the 1969-1972 versions) to females only. The court expressly recognized the fact that section 794.01 had been applied in the past to intercourse only, but concluded that this
limited application stemmed more from the fact that there was then a viable law on the statute books, to wit, Section 800.01  the crime against nature statute  which could be and was being invoked to punish forcible carnal knowledge when the penetration occurred in a nonreproductive orifice, than from a holding that the wording of Section 794.01, Florida Statutes, F.S.A., would not include forcible penetration into the oral or anal orifice by force.
Brinson, 278 So.2d at 322.
It is clear, then, as recognized even by the Brinson court, that at the time of the offense in the instant case, unlawful sexual conduct other than sexual intercourse was not punished under section 794.01. Therefore, until the release of the Franklin decision on December 17, 1971, the conduct committed by appellant McGahee in the instant case was punishable under section 800.01 as a crime against nature. After Franklin, the conduct became punishable under the lesser-included offense of section 800.02. It was not until the release of Brinson, however, on May 17, 1973, that any court found the conduct committed by the appellant in the instant case to be punishable as rape under section 794.01.
Even then, the Brinson decision stood for only 6 1/2 months before the supreme court again addressed the issue in Wilson v. State, 288 So.2d 480 (Fla. 1974) (consolidated with Brinson v. State). Reversing Brinson, the supreme court held that the First District had been correct in reversing the defendant's conviction under section 800.01, in light of Franklin. However, it found that the court's conclusion that section 794.01 applied to males as well as females invaded the province of the Legislature, since the amendment changing the word "female" to "person" did not occur until after Brinson. Citing Bouie v. Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 *337 L.Ed.2d 894 (1964) and Rhodes v. State, 283 So.2d 351 (Fla. 1973), the court held that Brinson's "radically new interpretation of Section 794.01, punish[ing] as criminal conduct that which was not criminal under the existing statutes at the time of the incident, thus violat[es] the Due Process Clause of the United States Constitution and the Florida Constitution as being ex post facto in its application." Brinson, 288 So.2d at 482.
Finally, in 1974 (after section 794.01 had been amended in 1973 to cover male as well as female victims), the supreme court released its decision in Washington v. State, 302 So.2d 401 (Fla. 1974). As did Brinson, the Washington case involved the forcible sodomy of a male inmate by another male inmate. Unlike Brinson, however, the defendant in Washington was charged with rape under the amended (1973) version of section 794.01. The supreme court affirmed the defendant's conviction under the amended statute, and held: (1) that the amended statute was not vague, and (2) that the phrase "carnal knowledge" in section 794.01 was not vague. In upholding the constitutionality of the term "carnal knowledge," the court cited with approval Brinson's definition of carnal knowledge as including "forcible penetration by a male's sex organ into any bodily orifice of another against the latter's will," and stated that "the definition found in Brinson v. State was not disapproved by this Court when we reversed the case on the basis of the ex post facto application of the invalid judicial, rather than legislative, extension of the statute." Washington, 302 So.2d at 402-03.
In light of the above chronology, we reverse appellant's conviction on several bases. First, as stated above, it is clear from the progression of case law and legislation between 1969 and 1973 that section 794.01 was not interpreted to prohibit the unlawful sexual acts other than the penetration of a female victim's sex organ by a male's sex organ, until the language appearing in Brinson in 1973 and later approved in Washington. Until that time, the act committed by the appellant in the instant case was punishable either as a felony under section 800.01 or, after December 17, 1971, as a misdemeanor under section 800.02.
Second, the trial court's use in its jury instruction of the definition of rape set out in Washington (as adopted from Brinson) clearly constituted a violation of the ex post facto provision of the Florida and U.S. Constitutions, in the same way that Brinson's "new interpretation" of section 794.01 was found to have been improperly applied in Wilson. In Bouie v. Columbia, supra, the U.S. Supreme Court held that
an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law... . If a judicial construction of a criminal statute is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue," it must not be given retroactive effect.
378 U.S. at 353-354, 84 S.Ct. at 1702-1703. The court also held that "[w]hen a similarly unforeseeable state-court construction of a criminal statute is applied retroactively to subject a person to criminal liability for past conduct, the effect is to deprive him of due process of law in the sense of fair warning that his contemplated conduct constitutes a crime." 378 U.S. at 354-355, 84 S.Ct. at 1703. Here, as in Bouie, the interpretation given section 794.01 in Brinson (released after defendant's offense) was not supported in prior Florida cases, and the preexisting law gave appellant no warning that section 794.01 would be construed to include his conduct.
Third, even if the application of the Washington court's definition of carnal knowledge had not violated the ex post facto provision, that definition would not apply to the 1969-1972 statutes because Washington construed the 1973 version of section 794.01. We disagree with the argument made by appellee on appeal that the Washington construction nonetheless applied because the 1973 statute also used the term "carnal knowledge." Since the 1973 statute changed the word "female" in the previous statutes to "person," the meaning of "carnal knowledge," used in the same sentence as "person," would necessarily *338 change to include something other than sexual intercourse only.
Accordingly, we reverse appellant's conviction on Count I of the second amended information.
REVERSED.
WIGGINTON and BARFIELD, JJ., concur.