RYDER, Acting Chief Judge.
In October 1990, Marlin Button entered pleas of no contest to three counts of attempted sexual battery on a child under twelve. Pursuant to the plea agreement, the court sentenced him to three thirty-year terms of imprisonment, to be served consecutively. On November 10,1992, Button filed a motion for postconviction relief. The trial court denied his request to withdraw his plea, but granted Button a belated appeal of the judgment and sentences. On appeal, he asserts that one of the sentences was illegal because the count for which it was imposed charged a violation of a statute not in existence at the time of the offense. He also seeks belated review of the trial court’s denial of his request to withdraw his plea.
This case began in April 1990 when Button was charged with seven counts of sexual battery on a child under twelve, in violation of section 794.011(2), Florida Statutes. The crimes charged in Counts I through VI occurred between 1979 and 1984; the crime charged in Count VII occurred in 1972. Pursuant to a plea agreement, Button entered no contest pleas to the lesser included offenses of attempted battery on a child under twelve in Counts I, V and VII. The state agreed to nolle prosse the remaining counts and a single count from another case. In addition, the state agreed not to file any other charges for sexual offenses occurring before February 27, 1990. The plea agreement called for a sentence of thirty years’ imprisonment, which was an upward departure from the guidelines’ recommendation of twelve to seventeen years. The trial court accepted the plea, adjudicated Button guilty of the three charges and sentenced him to serve thirty years in prison on each count, the sentences to run concurrently.
In November 1992, Button filed his motion for postconviction relief. At the outset, we note that he did not file a timely notice of appeal from the lower court’s denial of his request to withdraw his plea. Button claims, and the state does not seriously dispute, that the order denying his 3.850 motion did not advise him that he had the right to appeal or the time limitations for asserting that right. The court’s failure to inform Button of his appeal rights provides grounds for a belated appeal. See Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991); State ex rel. Shevin v. District Court of Appeal, Third District, 316 So.2d 50 (Fla.1975). A request for a belated appeal of an order denying a 3.850 motion, however, is properly raised by a petition for habeas corpus. Button has not filed such a petition, and seeks review by direct appeal. Although Button has requested an improper remedy, we may treat his cause as if he had sought the proper remedy. Fla.R.App.P. 9.040(c). See also art. V, § 2(a), Fla. Const.; Skinner v. Skinner, 561 So.2d 260 (Fla.1990) In this limited circumstance, and for the sake of judicial economy, we will treat Button’s appeal as a petition for writ of habeas corpus, grant a belated appeal, and address his argument on the merits.
We have reviewed the portions of the record attached to the trial court’s denial of Button’s request to withdraw his plea and request for an evidentiary hearing. The record conclusively rebuts Button’s allegations that his plea was not voluntary and that his counsel was ineffective. He was not entitled to relief. See Kennedy v. State, 547 So.2d 912 (Fla.1989). Accordingly, we affirm.
As previously stated, the lower court did grant Button a belated appeal of his judgment and sentence. He challenges *108 his sentence on Count VII, correctly asserting that the allegations in the count do not support the crime of capital sexual battery or attempted capital sexual battery as those terms were defined in 1972, the year in which he allegedly committed the crime. The count asserted that, in June or July of 1972, Button “eommit[ted] a sexual battery upon ... a female child of 11 years by penetrating [her] vagina ... with his finger, in violation of Florida Statute 794.011(2)_” Section 794.011(2) did not exist in 1972. The most comparable statute was section 794.01, Florida Statutes (1971), which prohibited rape and forcible carnal knowledge. Case law interpreting this statute defined rape as penetration of a vagina with a penis. See McGahee v. State, 561 So.2d 333 (Fla. 1st DCA 1990), review denied, 576 So.2d 291 (Fla. 1991). Prior to December 17, 1971, other unlawful sexual conduct, such as that alleged here, was punished as a crime against nature under section 800.01, Florida Statutes (1971). On that date, the Florida Supreme Court declared section 800.01 unconstitutional. Franklin v. State, 257 So.2d 21 (Fla.1971). Between the time of the Franklin decision and the legislative amendments to these statutes in 1973, unlawful' sexual conduct that did not involve penetration of the female sexual organ by the male sexual organ was punishable only as a misdemeanor under section 800.02, Florida Statutes (1971). Button’s 1972 act falls within this window of- time.
The judgment against Button and his sentence on Count VII must be reversed. A defendant may not be convicted, even if he pleads nolo contendere, in the absence of a prima facie showing of the elements of the crime charged. Button could not have been convicted, on the facts before the trial court, of attempted sexual battery as it existed under the law in effect at the time of his crime. See Dydek v. State, 400 So.2d 1255 (Fla. 2d DCA 1981). Our reversal on Count VII does not affect the judgment against Button on Counts I and V or the sentences imposed for these counts. As we have previously stated, the trial court correctly refused to permit Button to withdraw his pleas on these two counts. Cf. Wilhelm v. State, 543 So.2d 434 (Fla. 2d DCA 1989) (modification of a legal sentence is not proper under rule 3.800(a), Florida Rules of Criminal Procedure). We reverse the judgment on Count VII and remand with directions to the trial court to strike the sentence imposed for that count.
Affirmed in part, reversed in part and remanded.
CAMPBELL and THREADGILL, JJ., concur.