PER CURIAM.
Defendant, Mario H. Suarez, was prevented from timely appealing the trial court’s denial of his original 3.850 motion for post-conviction relief because he did not receive timely notice of that denial. We thus treat defendant’s “Petition for Review of Belated Appeal of 3.850 Denial” as a petition for writ of habeas corpus for belated appeal and reach the merits of the appeal of the denial of his original 3.850 motion. See Fla. R.App. P. 9.040(c); Hildebrand v. Singletary, 666 So .2d 274 (Fla. 4th DCA 1996); Button v. State, 641 So.2d 106 (Fla. 2d DCA), rev. denied, 645 So.2d 450 (Fla.1994); see also State ex rel. Shevin v. District Court of Appeal, Third District, 316 So.2d 50 (Fla. 3d DCA 1975); Viqueira v. Roth, 591 So.2d 1147 (Fla. 3d DCA 1992). On the merits, we find no error in the trial court’s summary rejection of defendant’s claims of an involuntary plea and ineffective assistance of counsel. We do not consider the points of error raised in the present petition that were not raised in the original 3.850 motion.[1] The relief sought by petitioner is denied.

. These points, centering primarily on petitioner's claim that he should have been provided an interpreter, are likely without merit as well because they are belied by the plea colloquy where petitioner professes to speak English and converses in English.