HOBSON, Acting Chief Judge.
The State of Florida filed a petition for writ of certiorari pursuant to rule 9.100, Florida Rules of Appellate Procedure, seeking relief from a judgment of acquittal entered by the trial court. We deny certio-rari, but not without explanation.
Respondent Jack T. Foster, defendant below, was charged by information with the offense of grand theft in the first degree, to which defendant entered a plea of not guilty. Thereafter, the defendant’s trial commenced. The jury was impanelled and sworn and opening statements were presented by the state and defendant. The state began to present its case by putting on the first two witnesses. After the second witness had finished testifying, and before other witnesses had an opportunity to testify, the trial judge called a conference in chambers with counsel. The conversation which took place in chambers was not recorded. Thereafter, the trial judge recalled the court reporter and entered a sua sponte judgment of acquittal. In its ruling, the trial court found that the state was unable, based on the evidence, to prove its case.
The first issue presented on appeal is whether the interruption of the state’s presentation of evidence by a sua sponte judgment of acquittal entered prior to the closing of the state’s case exceeds the authority of the trial court. The second point raised on appeal is whether jeopardy attaches when the trial court exceeds its authority by entering an improper judgment of acquittal.
The state argues that the trial court exceeded its jurisdiction and authority by entering a judgment of acquittal prior to the close of the state’s case.[1] Further, the state argues that double jeopardy sanctions come to fruition only after the court properly acts in a manner within its jurisdiction and authority.
In support of its argument the state relies on State ex rel. Bludworth v. Kapner, 394 So.2d 541 (Fla. 4th DCA 1981). In Bludworth, the defendant was indicted for first degree murder. He entered a plea of not guilty, demanded a jury trial and, thereafter, filed a notice of intent to rely upon the defense of insanity. The defendant, on the same day, filed a motion to dismiss the indictment or for a finding of not guilty by reason of insanity. The motion was based on the opinions of two court-appointed psychiatrists and one psychologist that the defendant was insane at the time of the alleged offense and thus the undisputed facts did not establish a prima facie case of guilt. The trial court, after considering the depositions and reports of the court-appointed experts, entered an order finding the defendant not guilty by reason of insanity. On appeal, the Fourth District Court of Appeal held that the trial court did not have authority to issue such an order. Bludworth, however, is clearly distinguishable from the instant case because the pretrial order appealed from was issued prior to the jury being sworn and impanelled.
It has been repeatedly held that jeopardy in a jury trial attaches after the jury has been sworn and impanelled to hear evidence in the defendant’s case. See, e.g., State v. Iglesias, 374 So.2d 1060, 1062 (Fla. 3d DCA 1979). This is true notwithstanding the entry of a judgment of acquittal by the trial court before the state rests its case.
In Watson v. State, 410 So.2d 207, 208 (Fla. 1st DCA 1982), the court stated:
A judgment of acquittal rendered by a trial judge represents a resolution in the defendant’s favor, correct or incorrect, of some or all of the factual elements of the offense charged. United States v. Scott, 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978). Once a defendant obtains an acquittal after jeopardy attaches, even if based on an erroneous *503 interpretation of governing legal principles as occurred in this case, the double jeopardy clause bars retrial. We believe that in this sense, retrial must be construed to mean further proceedings which would be devoted to the resolution of factual issues concerning the elements of the offense charged. Scott and cases cited therein.
Applying these principles to the instant case, we find that the trial judge in granting the acquittal, although in error, did not not exceed his jurisdiction and authority. Therefore, jeopardy attached when the jury was sworn and impanelled and the defendant cannot be tried a second time.
Accordingly, certiorari is denied.
BOARDMAN and RYDER, JJ., concur.

. Fla.R.Crim.P. 3.380(a) provides:
If, at the close of the evidence for the state or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may, and on the motion of the prosecuting attorney or the defendant, shall, enter a judgment of acquittal.