610 So.2d 530 (1992)
Lee R. TROYER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-04085.
District Court of Appeal of Florida, Second District.
December 2, 1992.
James Marion Moorman, Public Defender, and Andrea Norgard, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Hollywood, for appellee.
*531 FRANK, Judge.
Lee Troyer was arrested on June 14, 1990, for attempting to procure a vehicle license tag by false means. The amended information, detailing the offense, was appropriately captioned "Obtaining A License Tag By Fraud." The body of the information, however, charged a violation of section 319.33, Florida Statutes, a statute pertaining to certificates of title, and alleges that Troyer "did make application for title and/or registration and in the course of said application [knowingly] used a false or fictitious name ... and/or make [sic] any false statement...." We need not reach Troyer's contention that the proof adduced by the state fell short of demonstrating a specific intent to falsify the application; the state concedes that the conviction arising from the facially defective charging document warrants reversal.
An "indictment or information upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fla. R.Crim.P. 3.140(b). When, as here, an apparent discrepancy exists between the offense designated in the information heading and the crime depicted in the body of the instrument, the offense described in the body is the one with which the defendant is charged. Keesee v. State, 204 So.2d 925 (Fla. 4th DCA 1967); see also, Janes v. State, 585 So.2d 424 (Fla. 1st DCA 1991). Troyer's conduct, although perhaps prohibited by some other statute, is neither condemned by section 319.33, nor described in the main portion of the information. Although Troyer did not raise the error either at trial or on appeal, we find a conviction for a crime that never occurred fundamentally erroneous.
Accordingly, we reverse Troyer's conviction and vacate the sentence.
DANAHY, A.C.J., and HALL, J., concur.