COBB, Judge.
Appellant filed a Rule 3.850 motion alleging that the trial court erred in imposing consecutive habitual felony offender sentences for offenses arising from a single criminal episode. Appellant was sentenced in 1990 and his sentences were affirmed on direct appeal. See Massey v. State, 589 So.2d 336 (Fla. 5th DCA1991), approved, 609 So.2d 598 (Fla.1992). However, in 1993, the Florida Supreme Court held in Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), that consecutive habitual offender sentences could not be imposed for offenses arising from a single criminal episode.
The state contends that appellant’s Rule 3.850 motion was properly denied since it was filed more than two years after the challenged sentences became final and therefore was untimely. However, in Adams v. State, 543 So.2d 1244 (Fla.1989), the Florida Supreme Court held that a defendant may file a postconvietion motion raising a claim based on significant changes in the law which have been made within two years. Since the record establishes that appellant’s Rule 3.850 motion was filed within two years of when Hale was decided, the motion is not untimely since Hale satisfies the three-prong Witt[1] standard for retroactive application. State v. Callaway, 658 So.2d 983 (Fla.1995).
The trial court denied appellant’s Rule 3.850 motion because the same issue was raised in a prior Rule 3.800(a) motion and *761 denied. However, this court affirmed the denial of the Rule 8.800(a) motion without prejudice to file a Rule 3.850 motion and did not rule on the merits. See Massey v. State, 648 So.2d 785 (Fla. 5th DCA 1994).
Since the record clearly reflects that consecutive habitual felony offender sentences were imposed and the appellant’s allegation that the offenses involved arose from a single episode has not been refuted by any attachments to the trial court’s order, the order denying appellant’s Rule 3.850 motion is reversed and the case remanded to the trial court to either attach portions of the record refuting the allegation that appellant’s consecutive sentences arose from a single criminal episode or hold an evidentiary hearing. If the offenses were part of a single criminal episode, appellant must either be resen-tenced to concurrent habitual felony offender sentences or to consecutive non-habitual felony offender sentences which are within the recommended guideline range or are supported by a valid reason for departure. See Pope v. State, 646 So.2d 827 (Fla. 5th DCA 1994).
REVERSED.
HARRIS and GRIFFIN, JJ., concur.

. Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).