W. SHARP, Judge.
Ayres appeals from a denial of his motion for post-conviction relief filed pursuant to Florida Rules of Criminal Procedure 3.850. The trial court denied the motion because it was found to be untimely; that is, filed more than two years after his judgment and sentence became final. Fla. R.Crim. P. 3.850(b). We reverse.
In this case, Ayres was charged with exploitation of the elderly, a violation of section 415.111(5), Florida Statutes. On January 17, 1992, he pled no contest to the charge. Adjudication of guilt was withheld, restitution was ordered, and Ayres was placed on five years probation.
At a hearing held on August 15, 1994, the public defender moved to withdraw Ayres’ plea because section 415.111(5) had been declared unconstitutional by the Florida Supreme Court in a decision rendered on June 30, 1994. Cuda v. State, 639 So.2d 22 (Fla.1994). The state refused to stipulate to an oral motion because the hearing had been set *319 to resolve disputed issues concerning restitution, and the attorney for the state said he needed time to research the Cuda issue. The court stayed the restitution issue, pending filing of a written motion to withdraw the plea.
Almost two years later, on July 5, 1996, Ayres filed a written motion for post-conviction relief, seeking to withdraw his plea, relying on Cuda. The state argued that the Cuda issue is moot because Ayre’s five-year term of probation terminated January 16, 1997. However, the record shows that Ayres was charged with violating his probation on January 31, 1996. No disposition of the violation appears in the record. Thus, the case may still be active. In any event, Ayres has an interest in having his conviction for such a crime set aside. In many contexts, he may suffer detriments to enjoying the total privileges and freedoms of citizen status, due to his prior felony conviction. For example, he could be required to report (to his detriment) his felony conviction, in various contexts, and be disqualified from engaging in professional or business activity based on his prior conviction.
Further, we disagree that Ayres’ motion was untimely. A motion for post-conviction relief based on a significant change in the law must be filed within two years of the date the facts became known or the change was announced. Adams v. State, 543 So.2d 1244 (Fla.1989); Massey v. State, 660 So.2d 760 (Fla. 5th DCA 1995). The Cuda ease was decided on June 30, 1994. Ayres’ written motion was not filed until July 5, 1996, more than two years and a few days later. But, Ayres’ oral motion clearly put the state on notice concerning the Cuda issues involved. Thus, the written motion could be viewed as supplemental to or an amendment to his oral motion, which clearly was timely. See Warren v. State, 572 So.2d 10 (Fla. 2d DCA 1990); Rozier v. State, 603 So.2d 120 (Fla. 5th DCA 1992).
In any event, we think Ayres is entitled to relief in the interest of justice. The statute on which his conviction is based has been determined to be unconstitutional and his written motion to set aside his conviction was filed only a few days after the two-year deadline. See Dublin v. State, 681 So.2d 865 (Fla. 5th DCA 1996); Washington v. State, 642 So.2d 61 (Fla. 3d DCA 1994).
REVERSED.
HARRIS, J., concurs specially with opinion.
GRIFFIN, C.J., dissents without opinion.