712 So.2d 1218 (1998)
STATE of Florida, Appellant,
v.
Connie M. STRICKLER, Appellee.
No. 97-04223.
District Court of Appeal of Florida, Second District.
June 24, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Douglas Chanco, Assistant Public Defender, Bartow, for Appellee.
QUINCE, Judge.
This case arises from Connie M. Strickler's arrest for driving without a license. After presentation of the State's case, Strickler raised the sufficiency of the information in a motion for judgment of acquittal. The trial court dismissed the information by granting the motion. Because double jeopardy precludes retrial, we are constrained to affirm.
The facts in this case are largely undisputed. The police stopped Strickler for a routine traffic violation. During the stop, the arresting officer discovered that Strickler's license had been suspended and that he was driving without a license. In the heading of the information, Connie M. Strickler was identified as a white male. However, the body of the information, while otherwise correct, incorrectly identified Strickler as a female.
Following the State's presentation of its case, Strickler raised the insufficiency of the information for the first time as a motion for judgment of acquittal. The trial court, relying on Troyer v. State, 610 So.2d 530 (Fla. 2d DCA 1992), held that the gender misidentification in the body of the information took precedence over the correct gender designation in the heading and invalidated the information.
Attacks on the sufficiency of an indictment are properly raised by a pre-trial motion to dismiss the indictment. See Fla. R.Crim. P 3.190(b). Failure to do so constitutes waiver of the argument. See Fla. R.Crim. P. 3.190(c). Although styled a motion for judgment of acquittal, Strickler's motion was in essence a motion to dismiss the information. As such, the motion was untimely and should not have been considered. See State v. James, 626 So.2d 259 (Fla. 5th DCA 1993).
Regrettably, the trial court permitted Strickler to lodge his untimely challenge to the sufficiency of the information. Had this *1219 issue been properly raised prior to trial, double jeopardy considerations would not preclude a reversal distinguishing Troyer, which involved a discrepancy in the offense designated in the heading of the information and the offense described in the body of the information. In Troyer, the discrepancy resulted in the defendant's conviction for an uncharged crime. See Fla. R.Crim. P. 3.140(o). However, the granting of the motion after the close of the State's case raises an unavoidable double jeopardy problem. See Thompson v. Crawford, 479 So.2d 169 (Fla. 3d DCA 1985) (jeopardy attaches upon the trial court's receipt of evidence in a nonjury case). Accordingly, further prosecution of this criminal violation is foreclosed. See State v. Kennon, 652 So.2d 396 (Fla. 2d DCA 1995).
We, therefore, affirm the dismissal of this case.
PARKER, C.J., and ALTENBERND, J., concur.