714 So.2d 1160 (1998)
Ricardo ELLIS and Debra Ellis, Appellants,
v.
STATE of Florida, Appellee.
No. 96-02417.
District Court of Appeal of Florida, Second District.
July 24, 1998.
Paula J. Rhoads, Naples, for Appellants.
Robert A. Butterworth, Attorney General, Tallahassee, and Jean-Jacques Darius, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
Ricardo and Debra Ellis (the Ellises) appeal their judgments under three information counts, VIII, IX, and X, which adjudicated them guilty of multiple counts of aggravated child abuse of a codefendant's three children.[1] *1161 We reverse the judgments as to these three counts and direct the trial court on remand to enter judgments for child abuse under section 827.04(1), Florida Statutes (1995).
The three counts[2] at issue in this case alleged:
[B]etween September 1 and December 13, 1994, [R.F.], RICARDO ELLIS, and DEBRA ELLIS, did willfully torture, maliciously punish, or willfully and unlawfully cage, a child, to wit: [C.F., C.J., or W.F.] by willfully failing to feed or seek medical treatment for the child, in violation of F.S. 827.03/777.011.
(Emphasis supplied.)
While these counts cite the aggravated child abuse statute, section 827.03, Florida Statutes (1995),[3] the alleged illegal conduct is squarely encompassed within the conduct proscribed by section 827.04(1), Florida Statutes (1995).[4]
In this case, the conduct necessary to elevate the Ellises' offenses to aggravated child abuse never occurred. See, e.g., Nicholson v. State, 600 So.2d 1101 (Fla.1992); State v. Eversley, 706 So.2d 1363 (Fla. 2d DCA 1998). The body of the information describes only conduct that falls within section 827.04(1). Further, the evidence at trial confirms that the State was relying on the Ellises' willful failure to feed or seek medical treatment for the children as the basis for Counts VIII, IX, and X.
Clearly, the trial court erred in adjudicating the Ellises guilty of aggravated child abuse under Counts VIII, IX, and X. However, the State argues that this issue has not been preserved for appellate review because the Ellises did not raise the issue in their motion for judgments of acquittal, nor in their motion for new trial.
In order for an argument to be cognizable on appeal, it must be the specific contention asserted as the legal ground for the objection, exception, or motion below, which must have been made at the time of the alleged error. See Terry v. State, 668 So.2d 954, 961 (Fla.1996); Tillman v. State, 471 So.2d 32 (Fla.1985). However, the major exception to this rule is where the error is fundamental. See Castor v. State, 365 So.2d 701, 703 (Fla.1978); Thomas v. State, 424 So.2d 193, 194 (Fla. 5th DCA 1983). We conclude that the trial court's error was fundamental in this case.
In Troyer v. State, 610 So.2d 530 (Fla. 2d DCA 1992), this court reviewed a case in which the defendant was arrested for attempting to procure a vehicle license tag by false means. The information filed against the defendant was captioned "Obtaining A License Tag By Fraud," but the body of the information charged a violation of section 319.33, Florida Statutes, which proscribed obtaining certificates of title by fraud. See id. at 531. This court stated: "When, as here, an apparent discrepancy exists between the offense designated in the information heading and the crime depicted in the body of the instrument, the offense described in the body is the one with which the defendant is charged." Id. This court then concluded:
[The defendant's] conduct, although perhaps prohibited by some other statute, is neither condemned by section 319.33, nor *1162 described in the main portion of the information. Although [the defendant] did not raise the error either at trial or on appeal, we find a conviction for a crime that never occurred fundamentally erroneous.

Id. (emphasis supplied).
We hold that a conviction for an aggravated form of an offense is fundamentally erroneous where the body of the information describes only the simple offense, and no allegations were made, nor evidence submitted, to support the enhancement of the charge. Cf. Troyer, 610 So.2d at 531. Therefore, despite the Ellises' failure to preserve this issue for appellate review, we are compelled to reverse the adjudications and sentences imposed under Counts VIII, IX, and X.
Next, we conclude that section 924.34, Florida Statutes (1995), is applicable in this case even though child abuse is not a necessarily lesser included offense of aggravated child abuse. Section 924.34, provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
In I.T. v. State, 694 So.2d 720 (Fla. 1997), the Florida Supreme Court concluded that despite its wording, section 924.34 allows appellate courts to direct trial courts to enter judgments for "permissive" lesser included offenses as well as "necessarily" lesser included offenses, where the evidence fails to prove the charged offense but proves the lesser included offense. We hold that child abuse is a permissive lesser included offense of aggravated child abuse in certain circumstances.
In Mohammed v. State, 561 So.2d 384 (Fla. 1st DCA 1990), the First District said that child abuse is not a lesser included offense of aggravated child abuse. However, Mohammed is distinguishable on its facts. Mohammed involved sodomy allegations, not the failure to feed or seek medical treatment, as we have here. In this case, child abuse certainly meets the definition of a permissive lesser included offense, i.e., "offenses which may or may not be included in the offense charged, depending on the accusatory pleading in the evidence." Brown v. State, 206 So.2d 377, 381 (Fla.1968).
Pursuant to section 924.34 and the supreme court's opinion in I.T., this court has the authority to reduce the aggravated child abuse conviction to the permissive lesser included offense of child abuse, a third-degree felony. Accordingly, we reverse the Ellises' convictions for Counts VIII, IX, and X, and direct the trial court on remand to enter judgments for child abuse, as proscribed by section 827.04(1), Florida Statutes (1995). Finally, the trial court should resentence the Ellises in accordance with this opinion.
Reversed and remanded.
QUINCE and WHATLEY, JJ., concur.
NOTES
[1] Mr. Ellis was convicted of six other aggravated child abuse charges which were not appealed. Mrs. Ellis was convicted of four other aggravated child abuse charges which were not appealed.
[2] Three children were the listed victims in all of these charges. Count VIII alleged that the abuse was directed toward C.F.; Count IX alleged that the abuse was directed toward C.J.; and Count X alleged that the abuse was directed toward W.F.
[3] Section 827.03, Florida Statutes (1995), provides:

Aggravated child abuse.
(1) "Aggravated child abuse" is defined as one or more acts committed by a person who:
(a) Commits aggravated battery on a child;
(b) Willfully tortures a child;
(c) Maliciously punishes a child; or
(d) Willfully and unlawfully cages a child.
(2) A person who commits aggravated child abuse is guilty of a felony of the second degree....
[4] Section 827.04(1), Florida Statutes (1995), provides:

Child Abuse.
(1) Whoever, willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, inflicts or permits the infliction of physical or mental injury to the child, and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to such child, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.