PER CURIAM.
Ricky Daniel Kee appeals his conviction for felony fleeing and eluding a law enforce *1095 ment officer. He asserts that the trial court erroneously denied his motion to dismiss in which he maintained that the charge against him violated the prohibition against double jeopardy. We agree and reverse.
The State intended to charge Kee with felony fleeing and eluding a law enforcement officer in violation of section 316.1935(2), Florida Statutes (1995). The information was defective because, while it charged Kee with fleeing at a high-rate of speed in an attempt to elude a police officer, it did not include the allegation that the officer had been required to engage in a high-speed vehicle pursuit in order to stop Kee’s vehicle.
After a jury found Kee to be guilty of the felony offense, the trial court entertained a motion for judgment of acquittal which .challenged the sufficiency of the information. The court granted the motion and dismissed the charge. The State did not appeal the dismissal of the charge. Instead, a new information charging felony fleeing was filed which included many of the same factual allegations contained in the original information.
Kee filed a motion to dismiss the new information, contending that jeopardy had attached. The trial court denied the motion to dismiss. Kee entered into a plea agreement reserving the right to appeal the issue of the propriety of the denial of the motion to dismiss.
Jeopardy in a jury trial attaches after the jury has been sworn and impaneled to hear evidence. See State v. Foster, 438 So.2d 501 (Fla. 2d DCA 1983). The State had no authority to refile the subject charge after jeopardy had attached. Thus, this court must reverse the conviction. See State v. Strickler, 712 So.2d 1218 (Fla. 2d DCA 1998). Accordingly, this matter is remanded to the trial court to enter a judgment of acquittal for Kee’s conviction for felony fleeing and eluding.
Reversed and remanded with directions.
ALTENBERND, A.C.J., and GREEN and SALCINES, JJ., Concur.