WHATLEY, Judge.
Ricardo Ellis challenges his convictions and sentences for six counts of aggravated child abuse and three counts of simple child abuse. While we affirm the convictions and sentences, we remand for correction of the written judgment.
Ellis was originally convicted “as charged” of nine counts of aggravated *102 child abuse pursuant to section 827.03, Florida Statutes (1993). The information did not reference any specific subsection of section 827.03 in any of the counts. Despite this, Ellis’s judgment reflected an “offense statute number” of section 827.03(l)(a), and these offenses were scored as level eight offenses pursuant to section 921.0012, Florida Statutes (Supp. 1994).
In his direct appeal, Ellis raised a number of issues relating to his convictions and sentences. This court reversed the convictions as to three counts (information counts 8, 9, and 10 which were judgment counts 5, 6, and 7) and remanded for entry of convictions for simple child abuse “as proscribed by section 827.04(1), Florida Statutes (1995).” Ellis v. State, 714 So.2d 1160, 1162 (Fla. 2d DCA 1998). On remand, the trial court resentenced Ellis as directed but did not correct the written judgment to reflect the correct offense statute numbers. Therefore, this court again reversed and remanded for correction of the written judgment as to these counts to reflect the proper offense statute number of section 827.04(1). Ellis v. State, 744 So.2d 583 (Fla. 2d DCA 1999).
After resentencing, Ellis filed a motion for postconviction relief pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850, raising numerous issues. In one issue, Ellis argued that the written judgment improperly showed the offense statute number as section 827.03(l)(a) on the six counts of aggravated child abuse (information counts 4, 5, 6, 11, 12, and 13 which were judgment counts 1, 2, 3, 8, 9 and 10, respectively). According to Ellis, the proper offense statute number should have been simply section 827.03 because the jury was never asked to specify which subsection of section 827.03 Ellis had violated. In addition, Ellis argued that because section 827.03 was not listed in the offense severity ranking chart, his convictions under this section should have been scored as level four offenses rather than level eight offenses. See § 921.0013, Fla. Stat. (1993) (stating that any second-degree felony offense not listed in section 921.0012 shall be scored as a level four offense). The trial court denied relief on this ground.
On appeal from the denial of postconviction relief, this court noted that Ellis had been convicted of “multiple counts of aggravated child abuse under section 827.03, Florida Statutes (1993).” Ellis v. State, 795 So.2d 1015, 1016 (Fla. 2d DCA 2001). The court noted that counts “ten, eleven, and twelve” were scored as level eight offenses when they should have been scored as level four offenses. Id. In reversing and remanding for resentencing on this issue, this court relied on Dorsey v. State, 722 So.2d 288 (Fla. 5th DCA 1998). In Dorsey, the defendant argued that because the verdict form had not specified that he had been convicted under section 827.03(l)(a), his convictions should have been scored as level four offenses rather than level eight offenses. Id. at 289. The State conceded error, and the case was remanded for re-sentencing under a corrected scoresheet. Id. By citing the Dorsey case in support of this court’s reversal of Ellis’s convictions, this court essentially held that Ellis’s offense statute number for his aggravated child abuse convictions should have been section 827.03 rather than section 827.03(l)(a) and specifically held that the convictions should be scored as level four offenses rather than level eight offenses.
On remand from this court’s decision in the postconviction relief case, the trial court resentenced Ellis under a scoresheet that properly scored his six convictions under section 827.03 as level four offenses and his three convictions under section 827.04(1) as level seven offenses. Howev *103 er, the written judgment still shows section 827.03(l)(a) as the offense statute number for the six aggravated child abuse convictions. Moreover, inexplicably, the written judgment was changed to show section 827.03 as the offense statute number on the three simple child abuse convictions rather than the proper offense statute number of section 827.04(1). While the record shows that Ellis was properly sentenced using a corrected scoresheet, these errors in the written judgment are not harmless because the Department of Corrections, which relies solely on the written judgment in handling prisoner matters, is classifying Ellis based on his convictions for level eight offenses.
Because Ellis was properly sentenced, we do not reverse and remand for resen-tencing. However, because the written judgment does not reflect the correct offense statute numbers, we remand for correction of the written judgment to conform to this and all prior opinions of this court. On remand, judgment counts 1, 2, 3, 8, 9, and 10 must be corrected to delete the “1A” reference in the offense statute number. These counts must reflect an offense statute number of simply section 827.03. Judgment counts 5, 6, and 7 must be corrected to reflect an offense statute number of section 827.04(1). Ellis need not be present when these changes are made.
Convictions and sentences affirmed; remanded for correction of the written judgment.
CASANUEVA and STRINGER, JJ., concur.