PER CURIAM.
David O’Neil Brown appeals an order denying his motion for postconviction relief. As it appears defendant-appellant Brown pled guilty to a nonexistent offense, we reverse the order now before us and remand for further proceedings.'
The defendant pled guilty to attempted first degree murder of a law enforcement officer and other offenses. The words set forth in count one of the amended information charged the offense of attempted first degree felony murder, rather than the offense of attempted first degree premeditated murder. By decision announced May 4, 1995, the'Florida Supreme Court had abolished the offense of attempted first degree felony murder. State v. Gray, 654 So.2d 552 (Fla.1995). As of the defendant’s crime date of September 19, 1996, that offense was a nonexistent offense.*
In this case the amended information cited subsection 782.04(1), Florida Statutes, which covers both attempted premeditated murder and attempted first degree murder. However, “the offense described in the body [of the information] is the one with which the defendant is charged.” Troyer v. State, 610 So.2d 530, 531 (Fla. 2d DCA 1992) (citations omitted). The amended information alleged that the defendant had committed attempted felony murder but did not allege that he had committed attempted premeditated murder. Since the Florida Supreme Court in Gray abolished the offense of attempted first degree felony murder, it follows that the defendant in count one pled to a nonexistent crime.
The trial court denied relief on the theory that this was the defendant’s second postconviction motion and was barred as being successive. Given that (a) the plea was to a non-existent crime, and (b) the claim has not previously been adjudicated, we do not believe that the successiveness bar of Florida Rule of Criminal Procedure 3.850(f) can properly be applied here. See Ayres v. State, 708 So.2d 318 (Fla. 5th DCA 1998).
For the stated reasons, we reverse the order denying the motion for postconviction relief and remand for further proceedings. Writing in a similar case, the First District outlined the appropriate procedure:
On remand, Appellant may move to withdraw his plea in its entirety. If Appellant’s plea is withdrawn, the parties will return to the status quo ante and the State may file any appropriate charges. If Appellant lets stand his plea, then the current sentences will remain in effect.
Hill v. State, 730 So.2d 322, 323 (Fla. 1st DCA 1999).
Reversed and remanded for further proceedings consistent herewith.

 Effective October 1, 1996 the legislature created the offense of felony causing bodily injury, ch. 96-359, § 1, Laws of Fla. (codified as § 782.051, Fla. Stat.), which was thereafter renamed attempted felony murder. Ch. 98-204, § 12, Laws of Fla. Since that statute took effect after the date of the defendant's crime, it has no application here.