CRENSHAW, Judge.
David Charles Sutton appeals his judgment and sentences for three counts of capital sexual battery and one count of lewd or lascivious molestation. We conclude that there is no reversible error, and we affirm Sutton’s judgment and sen *886 tences. However, Sutton requests that this court address what he perceives to be an error on the face of the judgment. We write only to clarify a nonissue that may arise if Sutton decides to seek postconviction relief.
The State charged Sutton with ■ seven offenses, but only four of these offenses— counts one, two, four, and seven — were submitted to the jury for consideration. To avoid confusion, the State requested that count four, alleging capital sexual battery, and count seven, alleging lewd or lascivious molestation, be renumbered as counts three and four, and Sutton did not object to the renumbering. As a result, the judgment reflects that Sutton was convicted of the new counts three and four, which list the correct offenses from the old counts four and seven. Because there is no actual error with Sutton’s conviction, either statutorily or as to the offenses committed, Sutton was properly sentenced, and we find no basis on which to reverse or remand the judgment for correction. Cf. Harrell v. State, 76 So.3d 358 (Fla. 2d DCA 2011) (remanding for the trial court to enter a written judgment correctly reflecting Harrell’s convictions); Mann v. State, 62 So.3d 1240 (Fla. 2d DCA 2011) (remanding to correct a written judgment erroneously indicating that Mann was convicted of robbery with a firearm, rather than robbery with a weapon); Ellis v. State, 855 So.2d 101 (Fla. 2d DCA 2003) (remanding because the written judgment did not reflect the correct offense statute numbers).
Affirmed.
VILLANTI and LaROSE, JJ., Concur.