NORTHCUTT, Judge.
Stanley Lee Turner appeals the order summarily denying his motion filed under Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
In his motion, Mr. Turner argued that his twenty-year sentence as a habitual felony offender for organized fraud in case number 95-183 is illegal because it exceeds the statutory maximum for the third-degree felony with which he was charged. See § 775.084(4)(a)(3), Fla. Stat. (1993) (providing that the sentence for a habitual felony offender convicted of a third-degree felony is ten years). The postconviction court relied on Mr. Turner’s judgment and sentence, which listed organized fraud as a second-degree felony, to deny this claim. However, the information filed in case number 95-183 alleges in the body of count one that Mr. Turner violated section 817.034(4)(a)(3) by obtaining property from the victim valued at less than $20,000, which is a third-degree felony. While the heading of the information erroneously lists organized fraud as a second-degree felony, “the offense described in the body is the one with which the defendant is charged.” Troyer v. State, 610 So.2d 530, 531 (Fla. 2d DCA 1992). Accordingly, Mr. Turner’s twenty-year sentence for organized fraud is illegal.
Mr. Turner also complained in his motion that the Department of Corrections (DOC) improperly used his sentence in case number' 91-2804 to calculate his sentences and his release date in case numbers 95-41 and 95-183. The record before this court shows that Mr. Turner filed an administrative complaint with the DOC. His next remedy is not a rule 3.800(a) motion but a petition for writ of mandamus in Leon County Circuit Court or a petition for writ of habeas corpus ,in the circuit court where he is incarcerated. See Grace v. State, 920 So.2d 719, 720 (Fla. 4th DCA 2006).
*281 Accordingly, we affirm the postconviction court’s order denying Mr. Turner’s rule 3.800(a) motion except for its finding that Mr. Turner’s sentence for organized fraud in case number 95-183 is not illegal; we reverse and remand for resentencing on that charge.
Affirmed in part and reversed and remanded in part.
KHOUZAM and CRENSHAW, JJ., Concur.